GEORGE DETTLINGER, PROSECUTOR, v. TOWNSHIP OF OCEAN, A MUNICIPAL CORPORATION, THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF OCEAN, THE BOARD OF HEALTH OF THE TOWNSHIP OF OCEAN, AND WILLIAM B. JEFFREY, CLERK OF THE TOWNSHIP OF OCEAN, DEFENDANTS.

Submitted January 27, 1928—Decided May 10, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Ward Kremer.*

For the defendants, *Harry Truax.*

PER CURIAM.

This matter comes up by writ of *certiorari.* The prosecutor of the writ seeks to set aside a resolution passed by the township of Ocean and by the board of health of such township January 1st, 1927, dividing the township into two plumbing inspection districts.

It appears that, in supposed compliance with an ordinance, the prosecutor was appointed plumbing inspector in the township in January, 1920, and served until January 1st, 1927, when the resolution under review was passed. The effect of the passage of that resolution was to give the prosecutor one of the created districts and one Walter Brown the other. The prosecutor seems to argue that the resolution should be set aside because it is depriving him of his salary as plum-

ing inspector, and is in violation of chapter 212 (*Pamph. L.* 1911), which provides that no person holding a position or office under the government of any township, whose term of office is not now fixed by law and receiving a salary from such township, who is an exempt fireman, shall be removed from such position or office except for good cause shown after trial and hearing. If that be the contention of the prosecutor, we think the answer is that the prosecutor did not receive a salary. He merely received fees.

Again the prosecutor urges that the resolution is in violation of chapter 262 (*Pamph. L.* 1921), which provides that no sanitary inspector holding a license as provided for by the Board of Health act (*Comp. Stat., p.* 2656), after five consecutive years of service in the employ of any local board of health, shall be removed from office or reduced in pay or position except for just cause after a public hearing.

We think the answer to that is that this prosecutor did not hold such a license for five consecutive years prior to his so-called reduction by this resolution, and so is not entitled to the benefit of the act of 1921. That such is the proper construction of the act is evident when we consider that paragraph 60 of the Board of Health act (*Comp. Stat., p.* 2675) provides that no local board of health shall appoint any person as sanitary inspector who is not the holder of such a license.

The writ will be dismissed, with costs.